1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT FOR THE

7                     EASTERN DISTRICT OF CALIFORNIA

8

9   ANTONIO DEL VALLE AND ELSIE    )      No. CV-F-09-1316 OWW/DLB
    DEL VALLE,                     )
10                                 )      MEMORANDUM DECISION AND
                                   )      ORDER DENYING DEFENDANT'S
11                                 )      MOTION TO DISMISS AS TO
                  Plaintiffs,      )      CERTAIN CLAIMS, GRANTING
12                                 )      DEFENDANT'S MOTION TO
            vs.                    )      DISMISS WITH PREJUDICE AS TO
13                                 )      CERTAIN CLAIMS AND WITH
                                   )      LEAVE TO AMEND AS TO CERTAIN
14  MORTGAGE BANK OF CALIFORNIA,   )      CLAIMS (Doc. 8), DENYING
    et al.,                        )      DEFENDANT'S MOTION TO
15                                 )      EXPUNGE LIS PENDENS AND
                                   )      AWARD COSTS AND ATTORNEY'S
16                Defendants.      )      FEES WITHOUT PREJUDICE (Doc.
                                   )      11), AND DIRECTING
17  _____  )      PLAINTIFFS TO FILE FIRST
                                          AMENDED COMPLAINT WITHIN 20
18                                        DAYS

19

20

21

22       Before the Court is the motion to dismiss and the motion to

23  expunge lis pendens and for an award of costs and attorney's fees

24  filed by Defendant JPMorgan Chase Bank, National Association, as

25  purchaser of the loans and other assets of Washington Mutual

26  Bank, FA, from the Federal Deposit Insurance Corporation, acting

                                    1

as Receiver for Washington Mutual Bank and pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(D), erroneously sued individually as JPMorgan Chase Bank and Washington Mutual Bank.

   A.   <u>MOTION TO DISMISS</u>.

      1.   <u>Governing Standards</u>.

   "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.,* 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007).  "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic*, *id.* at 555.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully,  *Id.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility

of 'entitlement to relief.'" *Id.* at 557.  In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), the Supreme Court explained:

> Two working principles underlie our decision in *Twombley*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss ... Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense ... But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' ....
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may

consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

　　　　**2.　First Claim for Relief for Rescission under TILA and Regulation Z and Second Claim for Relief for Violations of TILA**.

Chase Bank moves to dismiss these claims for relief on various grounds.

　　　　　　**a.　Creditor**.

Chase Bank asserts that Plaintiffs cannot state a claim against it for violation of the Truth in Lending Act (TILA) or Regulation Z because the Complaint does not allege facts from which it may be inferred that Chase Bank is a "creditor" subject to the requirements of TILA or Regulation Z.

15 U.S.C. § 1602(f) provides that "[t]he term 'creditor' refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 12 C.F.R. § 226.2(17) (Regulation Z) provides:

> *Creditor* means: (i) A person (A) who
> regularly extends consumer credit that is
> subject to a finance charge or is payable by
> written agreement in more than 4 installments
> (not including a down payment), and (B) to
> whom the obligation is initially payable,
> either on the face of the note or contract,
> or by agreement when there is no note or
> contract.

To be a "creditor" within the meaning of TILA, both prongs must be satisfied. *In re Patchell*, 336 B.R. 1, 8-9 (Bankr.D.Mass.2005).

As Plaintiffs respond, Chase Bank is a "creditor" because it is the assignee to Washington Mutual. *See* 15 U.S.C. § 1641(c): "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation."

Defendant's motion to dismiss the First and Second Claims for Relief on this ground is DENIED.

### b. <u>Statute of Limitations</u>.

Chase Bank moves to dismiss these claims for relief as barred by the one-year statute of limitations set forth in 15 U.S.C. § 1640(e): "Any action under this section may be brought ... within one year from the date of the occurrence of the violation." *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir.2003):

> There is some debate on whether the period of
> limitations commences on the date the credit
> contract is executed, *see Wachtel v. West*,
> 476 F.2d 1062, 1065 (6th Cir.1973), or at the
> time the plaintiff discovered, or should have
> discovered, the acts constituting the
> violation, *see NLRB v. Don Burgess*

> *Construction Corp.*, 596 F.2d 378, 382 (9th Cir.1979).  But we need not decide this question here, because even under the more expansive *Don Burgess* rule, the one-year period has run.  *See Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir.1981).
>
> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed.  The Meyers were in full possession of all information relevant to the discovery of a TILA violation and a § 1640(a) damages claim on the day the loan papers were signed.  The Meyers have produced no evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of Ameriquest that prevented the Meyers from discovering their claim.

Here, the Note and Deed of Trust are dated June 16, 2007.

Plaintiffs did not file this action until July 24, 2009.

Therefore, Chase Bank argues, Plaintiffs' claims for damages for violation of TILA and Regulation Z are time-barred.

At the hearing, Plaintiffs conceded that these claims for *damages* relief under TILA are time-barred by the one-year statute of limitations and cannot be resurrected by the doctrine of equitable tolling.

Defendant's motion to dismiss the First and Second Claims for Relief for damages relief under TILA is GRANTED WITH PREJUDICE.

> c.  <u>Ability to Tender</u>.

Chase Bank moves to dismiss these claims for relief because Plaintiffs have not alleged the ability to tender the balance on the Note.

Chase Bank cites, *inter alia*, *Yamamoto v. Bank of New York*,

329 F.3d 1167 (9th Cir.2003), *cert. denied*, 540 U.S. 1149 (2004).
In *Yamamoto*, a TILA rescission case, the Ninth Circuit held that
the trial court has discretion to reorder the sequence of
rescission events to assure performance, including by dismissing
a case, where it was clear that the plaintiff lacked the ability
to effectuate rescission.   329 F.3d at 1173.   In *Yamamoto*, the
borrowers testified that they could not fulfill TILA's tender
requirement.   The district court gave them 60 days before
dismissing their rescission claim in an attempt to do so.   When
the borrowers were unable to provide evidence that they could
tender the proceeds, the district court granted summary judgment
in favor of the lender.   The Ninth Circuit affirmed:

> Tampon argues that the district court could
> not deny her rescission for failure to pay
> back loan proceeds without first determining
> whether TILA was violated, and without
> recognizing that TILA and Federal Reserve
> Board Regulation Z implementing it, 12 C.F.R.
> § 226.23(d), automatically voided BNY's
> security interest in her property once she
> exercised her right to rescind. She posits
> that language added in 1981 to Regulation Z
> indicates that a court has no discretion to
> change the substantive provisions of the Act,
> which is what she contends the court did when
> it required tender prematurely ....
>
> TILA was enacted in 1968 'to assure a
> meaningful disclosure of credit terms to that
> the consumer will be able to compare more
> readily the various credit terms available to
> him and avoid the uninformed use of credit.'
> 15 U.S.C. § 1601(a).   If required disclosures
> are not made, the consumer may rescind.   *See*
> 15 U.S.C. § 1635(a).   Section 1635(b) governs
> the return of money or property when a
> borrower exercises the right to rescind.   It
> provides that the borrower is not liable for
> any finance or other charge, and that any

security interest becomes void upon such a rescission.  The statute adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property.

Section 226.23 of Regulation Z implements § 1635(b).  It tracks the statute and states:

(d) Effects of rescission.

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section.  When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor ....

(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.

12 C.F.R. § 226.23.

8

1
2
3
4
5

> TILA's provision permitting a court to modify
> procedures was added in 1980 as part of the
> Truth in Lending Simplification and Reform
> Act ... These changes followed in the wake of
> decisions by this court and others which held
> that the statute need not be interpreted
> literally as always requiring the creditor to
> removes its security interest prior to the
> borrower's tender of proceeds.

6   *Id.* at 1169-1171.  *Yamamoto* cited *Palmer v. Wilson,* 502 F.2d 860,

7   862-863 (9th Cir.1974):

8
9
10
11
12
13
14
15
16
17
18
19
20

> Since *Palmer* we have recognized that in
> applying TILA, 'a trial judge ha[s] the
> discretion to condition rescission on tender
> by the borrower of the property he has
> received from the lender.' ... As we
> explained, whether a decree of rescission
> should be conditional depends upon 'the
> equities present in a particular case, as
> well as consideration of the legislative
> policy of full disclosure that underlies the
> Truth in Lending Act and the remedial-penal
> nature of the private enforcement provisions
> of the Act.' ... Indeed, in *LaGrone* we held
> that rescission *should be* conditioned on
> repayment of the amounts advanced by the
> lender ... We noted that the TILA violations
> there were not egregious (failure to disclose
> an acceleration clause and amount financed in
> the broker's statement, and to delineate
> additional data from mandatory data), and
> that the equities favored the creditor who
> would otherwise have been left in an
> unsecured position in the borrower's
> intervening bankruptcy ....

21   *Id.* at 1171.  *Yamamoto* cited *Semar v. Platte Valley Federal*

22   *Savings & Loan Association,* 791 F.2d 699, 705-706 (9th Cir.1986),

23   that the courts have no discretion to alter TILA's substantive

24   provisions:

25
26

> Trying to fit within *Semar,* Tampon argues
> that subsection (d)(4) of Regulation Z is a
> substantive provision that does not allow for
> modification of (d)(1) - the subsection that

9

provides for automatic voiding of BNY's
security interest upon rescission - because
(d)(4) only permits a court to order
modification of the procedures set out in
subsections (d)(2) and (d)(3).  While it is
true that (d)(4) confers discretion to modify
(d)(2) and (d)(3), not (d)(1), the argument
only goes so far as it begs the question of
when a transaction is 'rescinded.'  For
Tampon to prevail, rescission must be
accomplished automatically upon her decision
to rescind, communicated by a notice of
rescission, without regard to whether the law
permits her to rescind on the grounds
asserted.  We believe this makes no sense
when, as here, the lender contests the ground
upon which the borrower rescinds.

If BNY had acquiesced in Tampon's notice of
rescission, then the transaction would have
been rescinded automatically, thereby causing
the security interest to become void and
triggering the sequence of events laid out in
subsections (d)(2) and (d)(3).  But here, BNY
contested the notice and produced evidence
sufficient to create a triable issue of fact
about compliance with TILA's disclosure
requirements.  In these circumstances, it
cannot be that the security interest vanishes
immediately upon the giving of notice.
Otherwise, a borrower could get out from
under a secured loan simply by *claiming* TILA
violations, whether or not the lender has
actually committed any.  Rather, under the
statute and the regulation, the security
interest 'becomes void' only when the
consumer 'rescinds' the transaction.  In a
contested case, this happens when the right
to rescind is determined in the borrower's
favor.

...

Thus, a court may impose conditions on
rescission that assure that the borrower
meets her obligations once the creditor has
performed its obligations.  Our precedent is
consistent with the statutory and regulatory
regime of leaving courts free to exercise
equitable discretion to modify rescission
procedures.  This also comports with

10

congressional intent that 'the courts, at any
time during the rescission process, may
impose equitable conditions to insure that
the consumer meets his obligations after the
creditor has performed his obligations as
required by the act.' ....

As rescission under § 1635(b) is an on-going
process consisting of a number of steps,
there is no reason why a court that may alter
the sequence of procedures *after* deciding
that rescission is warranted, may not do so
*before* deciding that rescission is warranted
when it finds that, assuming grounds for
rescission exist, rescission still could not
be enforced because the borrower cannot
comply with the borrower's rescission
obligations no matter what.  Such a decision
lies within the court's equitable discretion,
taking into consideration all the
circumstances including the nature of the
violations and the borrower's ability to
repay the proceeds.  If, as was the case
here, it is clear from the evidence that the
borrower lacks capacity to pay back what she
has received (less interest, finance charges,
etc.), the court does not lack discretion to
do before trial what it could do after.

Whether the call is correct must be
determined on a case-by-case basis, in light
of the record adduced.  Here, for example, at
oral argument Tampon pressed upon us the
possibility that borrowers could refinance or
sell the property between the time a court
grants rescission and when pay back is
required, yet to do so they must have an
order in hand.  We express no opinion on
this, for there is nothing at all to this
effect in the record.  We simply decide that
in the circumstances of this case, the court
did not lack discretion to modify the
sequence of rescission events to assure that
Tampon could repay the loan proceeds before
going through the empty (and expensive)
exercise of a trial on the merits.

*Id.* at 1171-1173.  *See also Ing Bank v. Korn,* 2009 WL 1455488 at

*1 (W.D.Wash.2009)(granting defendant's motion to dismiss TILA

rescission claim in reliance on citation to *Yamamoto* discussion of judicial discretion to condition rescission on tender); *Boles v. Merscorp, Inc.,* 2009 WL 650631 at *1 (C.D.Cal.2009)(denying plaintiff's motion for reconsideration of its prior order to plaintiff because, in the absence of a demonstrated ability to tender, plaintiff has not demonstrated a likelihood of success on the merits of its TILA claim); *Garza v. American Home Mortg.,* 2009 WL 188604 at *5 (E.D.Cal.2009)(observing that *Yamamoto* held that a court may require borrowers to prove the ability to repay a loan to plead rescission, and granting defendant's motion to dismiss TILA rescission claim in light of complaint's failure to allege ability to tender, since "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received."); *Alcaraz v. Wachovia Mortg., FSB*, 2009 WL 160308 at *4 (E.D.Cal.2009)(refusing to dismiss plaintiff's rescission claims under TILA even though the complaint failed to allege the ability to tender because the court was troubled by the assertion of a factual issue to defeat plaintiff's rescission claim); *American Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir.2007)(affirming grant of summary judgment in favor of defendant on plaintiffs' TILA claims because "[o]nce the trial judge ... determined that [plaintiffs] were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate."); *but see Ing Bank v. Ahn*, 2009 WL 2083965 at *2 (N.D.Cal.2009):

> Yet *Yamamoto* did not hold that a district

12

1         court must, as a matter of law, dismiss a
        case if the ability to tender is not pleaded.
2         Rather, all of these cases indicate that it
        is within the trial court's discretion to
3         choose to dismiss where the court concludes
        that the party seeking rescission is
4         incapable of performance.

5     Plaintiffs refer to Exhibit 8 to the Complaint, a letter to

6 Washington Mutual Bank from Plaintiffs' counsel, dated December

7 11, 2008:

8         I represent the Consumer concerning the loan
        transaction which they entered into with
9         Washington Mutual Bank on June 13, 2007.  I
        have been authorized by my client to rescind
10        this transaction and hereby exercise that
        right pursuant to the Federal Truth in
11        Lending Act, 15 U.S.C. § 1635, Regulation Z §
        226.23.  In addition, the Consumer reserves
12        all rights to raise additional or alternative
        grounds for rescission under state or federal
13        law.

14        The Truth in Lending disclosure statement
        received by my clients was defective in a
15        number of ways.  As a result, my clients'
        right of rescission has been extended for
16        three years from the date of the transaction.
        *See* 15 U.S.C. 1635(f). The material defects
17        include but are not limited to the following:

18             (a) The broker's fee was not
            included in the finance charge.
19

20             (b) As a result of the failure to
            include the broker's fee in the
21            finance charge, the prepaid finance
            charge and finance charge are
22            understated and the APR is also
            understated.

23             (c) The disclosed payments do not
            equal the total of payments.
24

25             (d) Loan Origination Fee.

26             (e) Settlement Charges.

My clients wish to keep their home.  They
would like to discuss tender arrangements for
the amount due (the amount financed less all
loan charges and costs associated with the
loan and all payments made to date) with you
once you have effected rescission.  Please
provide me with an itemization of the loan
disbursements, the loan charges, the current
principal balance, and all payments received
from my client [sic], so that we may
determine the exact amount needed for tender.

The security interest held by Washington
Mutual Bank is void upon mailing of this
notice.  *See* 15 U.S.C. § 1635; Regulation Z §
226.23.  Pursuant to Regulation Z, you have
twenty days after receipt of this notice of
rescission to return to my clients all monies
paid and to take all action necessary or
appropriate to reflect termination of the
security interest.

We are prepared to discuss a tender
obligation, should it arise, and satisfactory
ways in which my clients may meet this
obligation.  Please be advised that if you do
not cancel the security interest and return
all consideration paid by our client within
20 days of receipt of this letter, you will
be responsible for actual and statutory
damages pursuant to 15 U.S.C. § 1640(a).

However, neither in this letter or in the Complaint do Plaintiffs

represent they have the ability to tender the loan amount, less

costs, fees and payments.  The prayer for relief in the Complaint

states:

10.  Order that, if Defendants fail to
further respond lawfully to Plaintiffs'
notice of rescission, Plaintiffs have no duty
to tender, but in the alternative, if tender
is required, determine the amount of the
tender obligation in light of Plaintiffs'
claims, and order Defendants to accept tender
on reasonable terms over a period of time.

Plaintiffs, noting the discretion in *Yamamoto*, contend:

14

> [I]n the case at bar, Plaintiffs cannot
> tender an exact and definite amount since
> Defendant unfairly failed to provide them
> 'with an itemization of the loan
> disbursements, the loan charges, the current
> principal balance, and all payments received
> ... so that we may determine the exact amount
> needed for tender' despite Plaintiffs'
> unequivocal and clear demand.  Because of the
> detrimental act of Defendant JP Morgan,
> Plaintiffs are deemed to have substantially
> complied with the offer to tender.

Plaintiffs are missing the point; the issue is whether, if the alleged violations of TILA are assumed to be true, do Plaintiffs have the ability to tender the amount due on the loan (less finance charges paid, etc.).  It is certainly inferable from Exhibit 8 and the prayer in the Complaint that Plaintiffs do not have that ability.  Plaintiffs cite no authority that their tender can be "on reasonable terms over a period of time."  *See American Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir.2007):

> The equitable goal of rescission under TILA
> is to restore the parties to the 'status quo
> ante.' ... Clearly, it was not the intent of
> Congress to reduce the mortgage company to an
> unsecured creditor or to simply permit the
> debtor to indefinitely extend the loan
> without interest.

Defendants' motion to dismiss the First and Second Claims for Relief is GRANTED WITH LEAVE TO AMEND.  Plaintiffs shall plead facts from which it may be ascertained, consistent with Rule 11, Federal Rules of Civil Procedure, that they have the present ability to tender the loan payments.

      3.  <u>Third Claim for Relief for Violations of the Real</u>

15

1  Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et*

2  *seq.*; Fourth Claim for Relief for Violation of the Fair

3  Debt Collection Practices Act ("FDCPA"); Fifth Claim for Relief

4  for Violation of California Business and Professions Code § 17200

5  *et seq.*

6      Pursuant to Plaintiffs' concession at the hearing, the

7  Third, Fourth and Fifth Claims for Relief are DISMISSED WITH

8  PREJUDICE.

9           4.  Sixth Claim for Relief for Quiet Title.

10     Chase Bank moves to dismiss the Sixth Claim for Relief for

11  quiet title.

12     "To state a claim for quiet title, plaintiff must include

13  the following in her complaint: '(a) A description of the

14  property that is the subject of the action; (b) The title of the

15  plaintiff as to which a determination under this chapter is

16  sought and the basis of the title; (c) The adverse claims to the

17  title of the plaintiff against which a determination is sought;

18  (d) The date as of which the determination is sought; (e) A

19  prayer for the determination of the title of the plaintiff

20  against the adverse claims.'" *Wong v. First Magnus Fin. Corp.*,

21  2009 WL 2580353 at *4 (N.D.Cal.2009), citing California Code of

22  Civil Procedure § 761.020.  As explained in *Gaitan v. Mortgage*

23  *Electronic Registration Systems*, 2009 WL 3244729 at *12

24  (C.D.Cal.2009):

25          A basic requirement of an action to quiet
           title is an allegation that plaintiffs 'are
26          the rightful owners of the property, *i.e.,*

                              16

> that they have satisfied their obligations under the Deed of Trust.' *Kelley v. Mortgage Elec. Reg. Sys., Inc.* ..., 2009 WL 2475703, at \*7 (N.D.Cal. Aug.12, 2009).  '[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured.' *Watson v. MTC Financial, Inc.* ..., 2009 WL 2151782 (E.D.Cal.Jul.17,2009), quoting *Shimpones v. Stickney*, 219 Cal.637, 649 (1934).

Here, Plaintiffs do not allege that they have paid the loan or tendered the unpaid amount of the loan to Defendants.

Defendant's motion to dismiss the Sixth Claim for Relief is GRANTED WITH LEAVE TO AMEND.  Plaintiffs shall plead facts from which it may be ascertained, consistent with Rule 11, Federal Rules of Civil Procedure, that they have the present ability to tender the loan payments.

B.  <u>MOTION TO EXPUNGE LIS PENDENS AND AWARD OF COSTS AND ATTORNEYS' FEES</u>.

Chase Bank moves to expunge the lis pendens recorded by Plaintiffs on the property.

California Code of Civil Procedure § 405.30 provides:

> At any time after notice of pendency of action has been recorded, any party ... may apply to the court in which the action is pending to expunge the notice ... Evidence or declarations may be filed with the motion to expunge the notice.  The court may permit evidence to be received in the form of oral testimony, and may make any orders it deems just to provide for discovery by any party affected by a motion to expunge the notice. The claimant shall have the burden of proof under Sections 405.31 and 405.32.

California Code of Civil Procedure § 405.31 provides:

> In proceedings under this chapter, the court

17

shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim.  The court shall not order an undertaking to be given as a condition of expunging the notice where the court finds the pleading does not contain a real property claim.

The Code Comment to Section 405.31 states:

1.  This section concerns pleading.  Prior law became confused because of failure of the courts to distinguish between allegations (pleadings) and evidence.  This section concerns judicial examination of allegations only.  Judicial examination of factual evidence is separately governed by CCP 405.32.

2.  This section preserves and clarifies existing law.  Existing law is clear that a lis pendens may not be maintained of record if the pleadings filed to support the lis pendens does not state a claim which affects title or right to possession.  This section similarly mandates expungement if the pleading does not contain a real property claim.  The analysis required by this section is analogous to, but more limited than, the analysis undertaken by a court on a demurrer. Rather than analyzing whether the pleading states any claim at all, as on a general demurrer, the court must undertake the more limited analysis of whether the pleading states a real property claim.

A "real property claim" is defined in California Code of Civil Procedure § 405.4 as "the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated public utility."

As explained in *BGJ Associates, LLC v. Superior Court*, 75

18

1  Cal.App.4th 952, 967 (1999):

2          The statute provides no further definition of
           'affect ... title to, or the right to
3          possession of,' specific real property, nor
           has case law provided any abstract definition
4          ... Case law has determined that certain
           types of actions clearly do, or clearly do
5          not, affect title or possession. ... At one
           extreme, '[a] buyer's action for specific
6          performance of a real property purchase and
           sale agreement is a classic example of an
7          action in which a lis pendens is both
           appropriate and necessary.' ... At the other
8          extreme, an action for money *only*, even if it
           relates in some way to specific real
9          property, will not support a lis pendens.

10      Chase Bank argues that the Complaint does not assert a real

11  property claim sufficient under the law to support the recording

12  of a lis pendens:

13          PLAINTIFFS used the Lis Pendens as a strong-
           arm tactic to attempt to manufacture a
14          monetary damage claim.  California courts
           have repeatedly disapproved of the use of Lis
15          Pendens for this purpose.  Instead, courts
           have found real property claims, and thus
16          properly-recorded Lis Pendens, in cases
           involving the fraudulent transfer of
17          property, cases where the prospective
           purchasers did not obtain a contract for sale
18          of a property, and similar cases where the
           plaintiff asserts the right to maintain title
19          to or possession of the property.  This case
           is very different.

20
           The essence of PLAINTIFFS's Complaint is that
21          Defendants had no right to initiate or carry
           out the nonjudicial foreclosure process and
22          that Defendants have no legal rights
           associated with the Subject Property.
23          However, as discussed in JPMORGAN's Motion to
           Dismiss, PLAINTIFFS not only have little
24          likelihood of success on the merits, but have
           failed to state any cause of action for which
25          relief may be granted.

26      Because Chase Bank relies on Section 405.31, the only issue

                                    19

to be resolved in this motion is whether the Complaint contains a "real property claim."  5 Miller & Starr, Cal. Real Estate (3rd ed.) § 11:150, lists actions involving a "real property claim," including:

> (1) An action for specific performance of a contract for the sale of real property where the claimant seeks to acquire the title to the property.
>
> (2) An action to rescind a contract for the purchase or sale of real property.
>
> (3) An action to cancel a deed or other instrument affecting the rights of ownership or possession of real property.
>
> (4) An action to set aside a fraudulent conveyance or conveyance as a fraud on creditors, at least where the action is brought for the recovery of specific real property transferred in fraud of creditors.
>
> (5) An action to enforce a lien on real property, including an action to foreclose a deed of trust or mortgage by judicial proceedings ....
>
> (6) Any action involving a right to possession of real property, including an action to cancel or enforce a lease, for unlawful detainer, or for ejectment.

A lis pendens must be recorded in an action to quiet title to real property.  *Id.* Here, the Complaint contains a claim for quiet title; therefore, it appears that the lis pendens is mandatory.

Because leave to amend has been granted with respect to Plaintiffs' TILA rescission claim and quiet title claim, resolution of the motion to expunge lis pendens is DENIED WITHOUT PREJUDICE.  If Plaintiffs fail to timely file a First Amended

1   Complaint, Defendant's motion will be granted.  If Plaintiffs

2   file a timely First Amended Complaint, Defendant may, if

3   appropriate, re-notice the motion to expunge lis pendens for

4   hearing.

5

6                             **CONCLUSION**

7      For the reasons stated:

8      1.  Defendant's motion to dismiss is DENIED IN PART, GRANTED

9   IN PART WITH PREJUDICE, AND GRANTED IN PART WITH LEAVE TO AMEND.

10      2.  Plaintiffs shall file a First Amended Complaint pursuant

11   to the rulings made herein within twenty (20) calendar days of

12   electronic service of this Memorandum Decision and Order.

13   Failure to timely comply will result in the dismissal of this

14   action and expungement of Plaintiffs' lis pendens on the subject

15   property.

16      IT IS SO ORDERED.

17   Dated:   November 10, 2009          /s/ Oliver W. Wanger
                                 UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26