IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO DEL VALLE, et al., | ) | No. CV-F-09-1316 OWW/DLB |
| | ) | |
| | ) | MEMORANDUM DECISION GRANTING |
| | ) | DEFENDANT JP MORGAN CHASE |
| Plaintiffs, | ) | BANK'S MOTION TO DISMISS |
| | ) | FIRST AMENDED COMPLAINT |
| vs. | ) | (Doc. 30) |
| | ) | |
| | ) | |
| MORTGAGE BANK OF CALIFORNIA, | ) | |
| et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

        Plaintiffs Antonio and Elsie Del Valle have filed a First
Amended Complaint ("FAC") pursuant to the Memorandum Decision and
Order filed on November 10, 2009 ("November 10 Memorandum
Decision").   The FAC names as Defendants Mortgage Bank of
California ("Mortgage Bank"); JPMorgan Chase Bank, formerly known
as Washington Mutual Bank ("JPMorgan" or "Chase Bank"); Quality
Loan Service Corporation ("Quality Loan"); and Does 1-10.

        The FAC alleges that Plaintiffs are the owners of the
principal dwelling known as 11611 Peninsula Park Drive,

1

Bakersfield, California.  As "Conditions," the FAC alleges:

      11.   All Conditions precedent have been performed or have occurred and TILA violations may be asserted defensively now due to the non-judicial foreclosure filing and election to sell and as a recoupment or set off pursuant to 15 U.S.C. § 1637 *et seq.* 'This subsection [providing for the one year statute of limitations] does not bar a person from asserting a violation of this subchapter in an action to collect a debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action' (15 U.S.C. § 1640[c]), *Delta Funding Corp. v. Murdaugh, 6 AD. 3d* 561, 774 N.Y.S.2d 797 (2nd Dept. 2004); *McNinch v. Mortgage America, Inc. (In re McNinch)*, 250 B.R. 848 (Bankr.W.D.Pa.2000).

      12.   The mere loss of a statutory right to disclosure is an inquiry that gives the consumer standing for Article III purposes. (DeMando *v. Morris*, 206 F.3d 1300 (9th Cir.2000).

In the section of the FAC captioned "Statement of Facts," Plaintiffs allege:

      13.   The federally related mortgage transaction at the root of this case was closed, and documents were signed on or about June 16, 2007.

      14.   Prior to the closing, Plaintiffs were contacted by Defendants, regarding the refinancing of their mortgage loan.

      15.   Plaintiff subsequently entered into a mortgage loan transaction (hereinafter the 'Transaction') to include a Deed of Trust ('Deed of Trust') securing such Adjustable Rate Note ('Note') covering the Property, then and now the *principal dwelling* and home of the Plaintiffs and their family (see Complaint Exhibits '2' and '3')[.]

      16.   The Transaction required Plaintiffs to pay money arising out of a transaction in

which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

17. The security interest in the Deed of Trust was not created to finance the acquisition or initial construction of the Plaintiffs' property but to refinance previous consumer debts including the mortgage lien.

18. The Transaction is characterized as a Consumer Credit Transaction as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a).

19. The Transaction is characterized as a Closed-end Credit Transaction as that term is defined under Reg. Z § 226.2(10) where a security interest was retained in favor of the originator, Defendants as the assignee, transferee or servicer.

20. The Transaction is subject to all content requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 - 226.23.

21. Further, the following documents related to the mortgage transaction were not lawfully provided by the Defendants to the Plaintiff [sic]:

    a.   Handbook on Adjustable Rate Mortgage;

    b.   HUD Brochures;

    c.   Variable Rate Disclosures;

    d.   Business Affiliations Disclosure;

    e.   Broker's Agreements;

    f.   Disbursal Disclosures;

    g.   Patriot Act Disclosure;'

    h.   Loan Origination Agreement.

22.   Further, Plaintiffs received one copy each of the unsigned and undated Notice of Right to Cancel.  (see Complaint Exhibits '6' and '7')[.]

23.   The failure to accurately and effectively disclose a Truth in Lending Disclosure Statement with effective Notice to Cancel is a failure to provide accurately a *material* disclosure as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23 (a)(3)n48.

24.   Defendants ratified this transaction with an improper, ineffective, and unlawful omission of *material* disclosures as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3)n48.

25.   A controversy has arisen due to Defendants' failure to provide accurate *material* disclosures so that Plaintiffs may tender any balance and extinguish the Transaction by operation of law.

26.   On December 11, 2008, Plaintiffs sent a demand letter containing request for rescission of contract and offer to tender to Defendant CHASE BANK.  (See Complaint Exhibits [sic] '8' and Exhibit '9'.)

27.   Defendant CHASE BANK did not respond.

28.   In the same mail envelope above, Plaintiffs also enclosed and sent to the Defendant CHASE BANK, the RESPA Qualified Written Request (QWR), TILA Request, and Notice of Rescission.  (See Complaint Exhibit '10'.)

29.   In its letter dated December 22, 2008, Defendant CHASE BANK forwarded the QWR to its Executive Response Team

30.   On February 26, 2009, Defendant MORTGAGE BANK executed an assignment of Deed of Trust transferring to JP Morgan Chase Bank, National Association all beneficial interest under the Deed of Trust dated June 16, 2007. (see Complaint, Exhibit '11'.)

4

31.  None of the Defendants are actual 'note holders' or 'holders in possession' of the alleged indebtedness.

32.  On March 20, 2009, Plaintiffs through counsel sent a letter to Defendant CHASE BANK requesting the latter to produce for inspection within ten (10) days from receipt of the letter, the original Promissory Note which Plaintiffs signed together with a certification that the said note is in its (CHASE BANK) possession and failure of which would lead Plaintiffs to assume that Defendant CHASE BANK is not the owner of the actual note and without any right over client's property.  (see Complaint Exhibit '13')[.]

33.  Defendant CHASE BANK failed to respond which made Plaintiffs assume that defendant [sic] CHASE BANK is not the owner of the actual note and without any right over Plaintiffs' property.

34.  As a result of the acts alleged above, Plaintiffs have suffered nausea, emesis, constant headaches, insomnia, embarrassment, and incurred an ascertainable loss.

The FAC alleges as Count I, Rescission under TILA and Regulation Z against all Defendants.  After incorporating all preceding allegations, Count 1 alleges:

36.  Plaintiffs received one copy each of the unsigned and undated Notice of Right to Cancel.

37.  Each borrower must receive two Notices of Right to Cancel which clearly and conspicuously disclose: (1) the retention or acquisition of a security interest in the consumer's principal dwelling; the consumer's right to rescind the transaction; (3) how to exercise the right to rescind with a form for that purpose, designating the address of the creditor's place of business; (4) the effects of rescission; and (5) the date the rescission period expires (Regulation Z § 226.23(b)(1)(i-v).  Defendants failed to

5

1      comply with such requirements.

2      38.   As a result of Defendants' failure to
       provide the Notice of Right to Cancel, the
3      required mortgage documents and accurate
       *material* disclosures, Plaintiffs are entitled
4      to and had exercised their right of
       rescission of the Transaction and offer to
5      tender (see Complaint Exhibit '8').

6      39.   Plaintiffs have a continuing right to
       rescind the Transaction until the third
7      business day after receiving both the proper
       Notice of Right to Cancel and delivery of all
8      *material* disclosures correctly made in a form
       the Plaintiff [sic] may keep pursuant to 15
9      U.S.C. § 1635(a) and Reg. Z § 226.23(a), and
       the three-day right is statutorily extended
10     due to the foregoing *material* failures.

11     40.   On December 11, 2008, Plaintiffs sent
       demand letter containing request for
12     rescission of contract and offer to tender to
       the Defendant CHASE BANK (see Complaint
13     Exhibit '8'.)

14     41.   Defendant CHASE BANK did not respond.

15     42.   In the same mail envelope above,
       Plaintiffs also enclosed and sent to the
16     Defendant CHASE BANK, the RESPA Qualified
       Written Request (QWR), TILA Request, and
17     Notice of Rescission.   (see Complaint Exhibit
       '10')[.]
18
       43.   Rather than respond to the QWR,
19     Defendant CHASE BANK wrote to the Plaintiffs
       that it forwarded the QWR to its Executive
20     Response Team.

21     44.   <u>Notwithstanding the above, Plaintiffs
       hereby offer and tender to return to</u>
22     <u>Defendant CHASE BANK their property at 11611
       Peninsula Park Drive, Bakersfield, CA 93311</u>
23     <u>but said Defendant should also return all
       payments, interests, costs, expenses, and</u>
24     <u>damages to the Plaintiffs with regard to the
       mortgage transaction of said property</u>. [see
25     15 U.S.C. § 1635(b) and Reg. Z 226.15(d)(1),
       226.23(d)1)].

26

                              6

45.   After Plaintiffs' notice of rescission and offer to tender, by operation of law, the Defendants have 20 days to take action which included (1) cancellation of the Promissory Note, (2) cancellation of the Deed of Trust, and (3) return of all monies of the Transaction.

46.   Failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

The FAC alleges as Count 2, quiet title against all Defendants.   After incorporating all preceding allegations, Count 2 alleges:

48.   Plaintiffs are the owners of the SUBJECT PROPERTY known as 11611 Peninsula Park Drive, Bakersfield, CA 93311 per the Deed of Trust executed by the Plaintiffs.

49.   The basis of Plaintiffs' interest in title is a Deed of Trust from Defendants, granting the SUBJECT PROPERTY to Plaintiffs, and recorded in the Official Records of the County of Kern.

50.   Plaintiffs are seeking to quiet title against the claims of Defendants as follows: Defendants are seeking to hold themselves out as the fee simple owners of the subject properties [sic], when in fact Plaintiffs have an interest in such properties [sic] held by Defendants, when Defendants have no right, title, interest, or estate in the SUBJECT PROPERTY, and Plaintiffs' interest is adverse to Defendants' claims of ownership.

51.   Plaintiffs therefore seek a judicial declaration that the title to the SUBJECT PROPERTY is vested in Plaintiffs alone and that Defendants and their successors be declared to have no estate, right, title, or interest in the SUBJECT PROPERTY and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title, or interest in the SUBJECT PROPERTY, adverse to Plaintiffs herein.

**The FAC prays for relief as follows:**

**1.   Rescission of this Transaction;**

**2.   Termination of any security interest in Plaintiffs' Property created under the Transaction;**

**3.   Order Defendants to return of [sic] any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this Transaction;**

**4.   Statutory damages of no less than $2,000.00 if Defendants fail to respond properly to Plaintiffs' rescission notice;**

**5.   Enjoin Defendants during pendency of this action, permanently thereafter, from instituting, prosecuting, or maintaining a proceeding on the Plaintiffs' Property, from recording any deeds or mortgages regarding the Property, except a lawful release of lien, and from otherwise taking any steps to deprive Plaintiffs' ownership of the Property;**

**6.   Order that, if Defendants fail to further respond lawfully to Plaintiffs' notice of rescission, Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of Plaintiffs' claims, and order Defendants to accept tender on reasonable terms over a reasonable period of time, [sic]**

**7.   Reasonable attorney's fee [sic] and costs of suit, [sic]**

**8.   Actual damages in an amount to be determined at trial, [sic]**

**9.   For such other and further relief as the Court may deem just and proper.**

Defendant JPMorgan Chase Bank, as purchaser of the loans and other assets of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver for Washington Mutual

Bank and pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(D), erroneously sued individually as JPMorgan Chase Bank and Washington Mutual Bank, moves to dismiss the FAC for failure to state a claim upon which relief can be granted.

I.   <u>GOVERNING STANDARDS</u>

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.,* 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.*

9

1  **"While a complaint attacked by a Rule 12(b)(6) motion to dismiss**

2  **does not need detailed factual allegations, a plaintiff's**

3  **obligation to provide the 'grounds' of his 'entitlement to**

4  **relief' requires more than labels and conclusions, and a**

5  **formulaic recitation of the elements of a cause of action will**

6  **not do."** *Bell Atlantic*, *id.* **at 555.  A claim has facial**

7  **plausibility when the plaintiff pleads factual content that**

8  **allows the court to draw the reasonable inference that the**

9  **defendant is liable for the misconduct alleged.** *Id.* **at 556.  The**

10 **plausibility standard is not akin to a "probability requirement,'**

11 **but it asks for more than a sheer possibility that a defendant**

12 **has acted unlawfully,** *Id.* **Where a complaint pleads facts that**

13 **are "merely consistent with" a defendant's liability, it "stops**

14 **short of the line between possibility and plausibility of**

15 **'entitlement to relief.'"** *Id.* **at 557.  In** *Ashcroft v. Iqbal*, **___**

16 **U.S. ___, 129 S.Ct. 1937 (2009), the Supreme Court explained:**

17         **Two working principles underlie our decision
   in** *Twombly.* **First, the tenet that a court**

18         **must accept as true all of the allegations
   contained in a complaint is inapplicable to**

19         **legal conclusions.  Threadbare recitations of
   the elements of a cause of action, supported**

20         **by mere conclusory statements, do not suffice
   ... Rule 8 marks a notable and generous**

21         **departure from the hyper-technical, code-
   pleading regime of a prior era, but it does**

22         **not unlock the doors of discovery for a
   plaintiff armed with nothing more than**

23         **conclusions.  Second, only a complaint that
   states a plausible claim for relief survives**

24         **a motion to dismiss ... Determining whether a
   complaint states a plausible claim for relief**

25         **will ... be a context-specific task that
   requires the reviewing court to draw on its**

26         **judicial experience and common sense ... But**

> where the well-pleaded facts do not permit
> the court to infer more than the mere
> possibility of misconduct, the complaint has
> alleged - but it has not 'show[n]' - 'that
> the pleader is entitled to relief.' ....
>
> In keeping with these principles, a court
> considering a motion to dismiss can choose to
> begin by identifying pleadings that, because
> they are no more than conclusions, are not
> entitled to the assumption of truth.  While
> legal conclusions can provide the framework
> of a complaint, they must be supported by
> factual allegations.  When there are well-
> pleaded factual allegations, a court should
> assume their veracity and then determine
> whether they plausibly give rise to an
> entitlement to relief.

Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

II.  REQUEST FOR JUDICIAL NOTICE

JPMorgan requests the Court take judicial notice of the following documents:

> A.  Deed of Trust executed on June 16, 2007
> and recorded on June 25, 2007 in the Kern
> County Recorder's Office as Instrument Number
> 0207133178;
>
> B.  Assignment of Deed of Trust executed on

11

1  February 26, 2009 and recorded on April 22,
2  2009 in the Kern County Recorder's Office as
   Instrument Number 0209056822;

3  C.  Substitution of Trustee executed on
   February 26, 2009 and recorded on April 13,
4  2009 in the Kern County Recorder's Office as
   Instrument Number 0209051489;

5
   D.  Notice of Default in the amount of
6  $15,084.00 recorded on April 3, 2009 in the
   Kern County Recorder's Office as Instrument
7  Number 0209047432

8      Plaintiffs pose no objection to the Request for Judicial

9  Notice.  The Court may take judicial notice of matters of public

10 record pursuant to Rule 201, Federal Rules of Evidence.

11     III.  <u>TENDER</u>.

12     JPMorgan moves to dismiss Counts I and II on the ground that

13 Plaintiffs fail to allege or make an actual tender.

14     In the November 10 Memorandum Decision, the Court ruled:

15     Chase Bank moves to dismiss these claims for
       relief [under TILA] because Plaintiffs have
16     not alleged the ability to tender the balance
       on the Note.

17
       Chase Bank cites, *inter alia*, *Yamamoto v.*
18     *Bank of New York*, 329 F.3d 1167 (9th
       Cir.2003), *cert. denied*, 540 U.S. 1149
19     (2004).

20     In *Yamamoto*, a TILA rescission case, the
       Ninth Circuit held that the trial court has
21     discretion to reorder the sequence of
       rescission events to assure performance,
22     including by dismissing a case, where it was
       clear that the plaintiff lacked the ability
23     to effectuate rescission.  329 F.3d at 1173.
       In *Yamamoto*, the borrowers testified that
24     they could not fulfill TILA's tender
       requirement.  The district court gave them 60
25     days before dismissing their rescission claim
       in an attempt to do so.  When the borrowers
26     were unable to provide evidence that they

                              12

could tender the proceeds, the district court granted summary judgment in favor of the lender.  The Ninth Circuit affirmed:

> Tampon argues that the district court could not deny her rescission for failure to pay back loan proceeds without first determining whether TILA was violated, and without recognizing that TILA and Federal Reserve Board Regulation Z implementing it, 12 C.F.R. § 226.23(d), automatically voided BNY's security interest in her property once she exercised her right to rescind. She posits that language added in 1981 to Regulation Z indicates that a court has no discretion to change the substantive provisions of the Act, which is what she contends the court did when it required tender prematurely ....

> TILA was enacted in 1968 'to assure a meaningful disclosure of credit terms to that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'  15 U.S.C. § 1601(a).  If required disclosures are not made, the consumer may rescind.  *See* 15 U.S.C. § 1635(a).  Section 1635(b) governs the return of money or property when a borrower exercises the right to rescind.  It provides that the borrower is not liable for any finance or other charge, and that any security interest becomes void upon such a rescission.  The statute adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations,

13

the borrower is to tender the property.

Section 226.23 of Regulation Z implements § 1635(b).  It tracks the statute and states:

(d) Effects of rescission.

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section.  When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor ....

(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.

12 C.F.R. § 226.23.

TILA's provision permitting a court to modify procedures was added in 1980 as part of the Truth in Lending Simplification and Reform Act ... These changes followed in the wake of decisions by this court and others which held that the

14

> statute need not be interpreted
> literally as always requiring the
> creditor to removes its security
> interest prior to the borrower's
> tender of proceeds.

*Id.* at 1169-1171. *Yamamoto* cited *Palmer v.
Wilson,* 502 F.2d 860, 862-863 (9th Cir.1974):

> Since *Palmer* we have recognized
> that in applying TILA, 'a trial
> judge ha[s] the discretion to
> condition rescision on tender by
> the borrower of the property he has
> received from the lender.' ... As
> we explained, whether a decree of
> rescision should be conditional
> depends upon 'the equities present
> in a particular case, as well as
> consideration of the legislative
> policy of full disclosure that
> underlies the Truth in Lending Act
> and the remedial-penal nature of
> the private enforcement provisions
> of the Act.' ... Indeed, in *LaGrone*
> we held that rescision *should be*
> conditioned on repayment of the
> amounts advanced by the lender ...
> We noted that the TILA violations
> there were not egregious (failure
> to disclose an acceleration clause
> and amount financed in the broker's
> statement, and to delineate
> additional data from mandatory
> data), and that the equities
> favored the creditor who would
> otherwise have been left in an
> unsecured position in the
> borrower's intervening bankruptcy
> ....

*Id.* at 1171. *Yamamoto* cited *Semar v. Platte
Valley Federal Savings & Loan Association,*
791 F.2d 699, 705-706 (9th Cir.1986), that
the courts have no discretion to alter TILA's
substantive provisions:

> Trying to fit within *Semar*, Tampon
> argues that subsection (d)(4) of
> Regulation Z is a substantive
> provision that does not allow for

15

modification of (d)(1) - the subsection that provides for automatic voiding of BNY's security interest upon rescission - because (d)(4) only permits a court to order modification of the procedures set out in subsections (d)(2) and (d)(3).  While it is true that (d)(4) confers discretion to modify (d)(2) and (d)(3), not (d)(1), the argument only goes so far as it begs the question of when a transaction is 'rescinded.'  For Tampon to prevail, rescission must be accomplished automatically upon her decision to rescind, communicated by a notice of rescission, without regard to whether the law permits her to rescind on the grounds asserted. We believe this makes no sense when, as here, the lender contests the ground upon which the borrower rescinds.

If BNY had acquiesced in Tampon's notice of rescission, then the transaction would have been rescinded automatically, thereby causing the security interest to become void and triggering the sequence of events laid out in subsections (d)(2) and (d)(3).  But here, BNY contested the notice and produced evidence sufficient to create a triable issue of fact about compliance with TILA's disclosure requirements.  In these circumstances, it cannot be that the security interest vanishes immediately upon the giving of notice.  Otherwise, a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender has actually committed any. Rather, under the statute and the regulation, the security interest 'becomes void' only when the consumer 'rescinds' the transaction.  In a contested case,

16

this happens when the right to
rescind is determined in the
borrower's favor.

...

Thus, a court may impose conditions
on rescission that assure that the
borrower meets her obligations once
the creditor has performed its
obligations.  Our precedent is
consistent with the statutory and
regulatory regime of leaving courts
free to exercise equitable
discretion to modify rescission
procedures.  This also comports
with congressional intent that 'the
courts, at any time during the
rescission process, may impose
equitable conditions to insure that
the consumer meets his obligations
after the creditor has performed
his obligations as required by the
act.' ....

As rescission under § 1635(b) is an
on-going process consisting of a
number of steps, there is no reason
why a court that may alter the
sequence of procedures *after*
deciding that rescission is
warranted, may not do so *before*
deciding that rescission is
warranted when it finds that,
assuming grounds for rescission
exist, rescission still could not
be enforced because the borrower
cannot comply with the borrower's
rescission obligations no matter
what.  Such a decision lies within
the court's equitable discretion,
taking into consideration all the
circumstances including the nature
of the violations and the
borrower's ability to repay the
proceeds.  If, as was the case
here, it is clear from the evidence
that the borrower lacks capacity to
pay back what she has received
(less interest, finance charges,
etc.), the court does not lack

17

discretion to do before trial what
it could do after.

Whether the call is correct must be
determined on a case-by-case basis,
in light of the record adduced.
Here, for example, at oral argument
Tampon pressed upon us the
possibility that borrowers could
refinance or sell the property
between the time a court grants
rescission and when pay back is
required, yet to do so they must
have an order in hand.  We express
no opinion on this, for there is
nothing at all to this effect in
the record.  We simply decide that
in the circumstances of this case,
the court did not lack discretion
to modify the sequence of
rescission events to assure that
Tampon could repay the loan
proceeds before going through the
empty (and expensive) exercise of a
trial on the merits.

*Id.* at 1171-1173.  *See also Ing Bank v. Korn,*
2009 WL 1455488 at *1
(W.D.Wash.2009)(granting defendant's motion
to dismiss TILA rescission claim in reliance
on citation to *Yamamoto* discussion of
judicial discretion to condition rescission
on tender); *Boles v. Merscorp, Inc.,* 2009 WL
650631 at *1 (C.D.Cal.2009)(denying
plaintiff's motion for reconsideration of its
prior order to plaintiff because, in the
absence of a demonstrated ability to tender,
plaintiff has not demonstrated a likelihood
of success on the merits of its TILA claim);
*Garza v. American Home Mortg.,* 2009 WL 188604
at *5 (E.D.Cal.2009)(observing that *Yamamoto*
held that a court may require borrowers to
prove the ability to repay a loan to plead
rescission, and granting defendant's motion
to dismiss TILA rescission claim in light of
complaint's failure to allege ability to
tender, since "[r]escission is an empty
remedy without [plaintiff]'s ability to pay
back what she has received."); *Alcaraz v.
Wachovia Mortg., FSB,* 2009 WL 160308 at * 4
(E.D.Cal.2009)(refusing to dismiss

18

plaintiff's rescission claims under TILA even though the complaint failed to allege the ability to tender because the court was troubled by the assertion of a factual issue to defeat plaintiff's rescission claim); *American Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir.2007)(affirming grant of summary judgment in favor of defendant on plaintiffs' TILA claims because "[o]nce the trial judge ... determined that [plaintiffs] were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate."); *but see Ing Bank v. Ahn*, 2009 WL 2083965 at * 2 (N.D.Cal.2009): Yet *Yamamoto* did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded. Rather, all of these cases indicate that it is within the trial court's discretion to choose to dismiss where the court concludes that the party seeking rescission is incapable of performance.

Plaintiffs refer to Exhibit 8 to the Complaint, a letter to Washington Mutual Bank from Plaintiffs' counsel, dated December 11, 2008:

> I represent the Consumer concerning the loan transaction which they entered into with Washington Mutual Bank on June 13, 2007. I have been authorized by my client to rescind this transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23. In addition, the Consumer reserves all rights to raise additional or alternative grounds for rescission under state or federal law.
>
> The Truth in Lending disclosure statement received by my clients was defective in a number of ways. As a result, my clients' right of rescission has been extended for three years from the date of the transaction. *See* 15 U.S.C. 1635(f). The material defects

19

include but are not limited to the following:

(a) The broker's fee was not included in the finance charge.

(b) As a result of the failure to include the broker's fee in the finance charge, the prepaid finance charge and finance charge are understated and the APR is also understated.

(c) The disclosed payments do not equal the total of payments.

(d) Loan Origination Fee.

(e) Settlement Charges.

My clients wish to keep their home. They would like to discuss tender arrangements for the amount due (the amount financed less all loan charges and costs associated with the loan and all payments made to date) with you once you have effected rescission.  Please provide me with an itemization of the loan disbursements, the loan charges, the current principal balance, and all payments received from my client [sic], so that we may determine the exact amount needed for tender.

The security interest held by Washington Mutual Bank is void upon mailing of this notice.  *See* 15 U.S.C. § 1635; Regulation Z § 226.23.  Pursuant to Regulation Z, you have twenty days after receipt of this notice of rescission to return to my clients all monies paid and to take all action necessary or appropriate to reflect termination of the security interest.

We are prepared to discuss a tender obligation, should it arise, and

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

> satisfactory ways in which my
> clients may meet this obligation.
> Please be advised that if you do
> not cancel the security interest
> and return all consideration paid
> by our client within 20 days of
> receipt of this letter, you will be
> responsible for actual and
> statutory damages pursuant to 15
> U.S.C. § 1640(a).

However, neither in this letter or in the
Complaint do Plaintiffs represent they have
the ability to tender the loan amount, less
costs, fees and payments.  The prayer for
relief in the Complaint states:

> 10.  Order that, if Defendants fail
> to further respond lawfully to
> Plaintiffs' notice of rescission,
> Plaintiffs have no duty to tender,
> but in the alternative, if tender
> is required, determine the amount
> of the tender obligation in light
> of Plaintiffs' claims, and order
> Defendants to accept tender on
> reasonable terms over a period of
> time.

Plaintiffs, noting the discretion in
*Yamamoto*, contend:

> [I]n the case at bar, Plaintiffs
> cannot tender an exact and definite
> amount since Defendant unfairly
> failed to provide them 'with an
> itemization of the loan
> disbursements, the loan charges,
> the current principal balance, and
> all payments received ... so that
> we may determine the exact amount
> needed for tender' despite
> Plaintiffs' unequivocal and clear
> demand.  Because of the detrimental
> act of Defendant JP Morgan,
> Plaintiffs are deemed to have
> substantially complied with the
> offer to tender.

Plaintiffs are missing the point; the issue
is whether, if the alleged violations of TILA

21

> are assumed to be true, do Plaintiffs have the ability to tender the amount due on the loan (less finance charges paid, etc.).  It is certainly inferable from Exhibit 8 and the prayer in the Complaint that Plaintiffs do not have that ability.  Plaintiffs cite no authority that their tender can be "on reasonable terms over a period of time." *See American Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir.2007):
>
>> The equitable goal of rescission under TILA is to restore the parties to the 'status quo ante.' ... Clearly, it was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest.
>
> Defendants' motion to dismiss the First and Second Claims for Relief is GRANTED WITH LEAVE TO AMEND.  Plaintiffs shall plead facts from which it may be ascertained, consistent with Rule 11, Federal Rules of Civil Procedure, that they have the present ability to tender the loan payments.

As to the cause of action in the Complaint for quiet title, the November 10 Memorandum Decision, after noting that Plaintiff "do not allege that they have paid the loan or tendered the unpaid amount of the loan to Defendants," dismissed the quiet title cause of action with leave to amend: "Plaintiffs shall plead facts from which it may be ascertained, consistent with Rule 11, Federal Rules of Civil Procedure, that they have the present ability to tender the loan amounts."

In responding to this aspect of the motion to dismiss, Plaintiffs essentially re-hash arguments considered in and rejected by the November 10 Memorandum Decision.  Given the

22

Court's order that Plaintiffs plead facts from which it may be ascertained that they have the present ability to tender the loan amounts, Plaintiffs' arguments amount to a meritless motion for reconsideration of the November 10 Memorandum Decision. Plaintiffs again argue:

> In the case at bar, there is no way that Plaintiffs could tender an exact and definite amount since Defendant CHASE BANK unfairly failed to provide them 'with an itemization of the loan disbursements, the loan charges, the current principal balance, and all payments received ... so that we may determine the exact amount needed for tender' despite Plaintiffs unequivocal and clear demand. Because of the detrimental act of Defendant, Plaintiffs are deemed to have substantially complied with the offer to tender. Accordingly, rescission of mortgage [sic] contract should be effected. Or, in the alternative, this issue can be resolved by the court during the trial phase of the case. Whether Plaintiffs are ready, willing, and able to tender is a factual question more properly addressed at a later stage in the proceedings.

Plaintiffs also refer to the allegation in Paragraph 44 of the FAC where "Plaintiffs hereby offer and tender to return to Defendant CHASE BANK their property .... but said Defendant should also return all payments, interests, costs, expenses, and damages to the Plaintiffs with regard to the mortgage transaction of said property."

Plaintiffs' attempt to tender the property subject to the Deed of Trust is not a valid tender under TILA pursuant to 15 U.S.C. § 1635(b). *See* Ralph J. Rohner & Frederick H. Miller, Truth in Lending 654 (ABA Section of Business Law

23

2006)(indicating that the "issue of whether a particular tender involves money or property ... should be governed by what was obtained from the creditor ... [and] [t]hus a loan should require the consumer to tender money ..."); *Powers v. Sims & Levin*, 542 F.2d 1215, 1221-1222 (4th Cir.1976)(finding that the borrowers' right to rescission of a loan used to both pay off a prior loan and to improve the borrowers' home may be conditioned on the borrowers' "tender to the lender of all of the funds spent by the lender in discharging the earlier indebtedness of the borrowers as well as the value of the home improvements"); *Yamamoto*, *supra*, 329 F.3d at 1171 ("[I]n applying TILA, 'a trial judge ha[s] discretion to condition rescission on tender by the borrower of *the property he had received from the lender.'"* (emphasis added)(quoting *Ljepava v. M.L.S.C. Props., Inc*. 511 F.2d 935, 944 (9th Cir.1975); *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 421 (1st Cir.2007)("Rescission essentially restores the status quo ante; the creditor terminates its security interest and returns any monies paid by the debtor in exchange for the latter's return of all disbursed funds or property interests.").  Here, the FAC alleges that Plaintiffs already owned the Subject Property when they obtained the loan and that "[t]he security interest in the Deed of Trust was not created to finance the acquisition or initial construction of Plaintiffs' property but to refinance previous consumer debts including mortgage lien debt."  Therefore, the property received by Plaintiffs and which they are obligated to tender is the loan

24

1  proceeds.

2       Plaintiffs have failed to comply with the November 10

3  Memorandum Decision and obviously do not have the present ability

4  to tender the loan amounts.  Whether or not Plaintiffs know the

5  exact amount to be tendered, they must have knowledge of what

6  they paid on the loan, including the defaulted amounts; simple

7  arithmetic would result in a reasonable estimate from which

8  Plaintiffs could allege, consistently with Rule 11, whether or

9  not they have the present ability to tender the loan amounts.

10 There is no purpose in continuing with this lawsuit if Plaintiffs

11 cannot or will not allege the tender requirement as ruled in the

12 November 10 Memorandum Decision.  Because Plaintiffs have not

13 alleged, as required by the November 10 Memorandum Decision,

14 facts from which it may be ascertained, that they have the

15 present ability to tender the loan payments, Plaintiffs cannot

16 proceed with Count I.  At the hearing, Plaintiffs conceded that

17 they do not have the present ability to tender the loan amounts.

18 Further prosecution of the claimed violations of TILA will be

19 futile, because without the present ability to tender, rescission

20 under TILA is not effective.

21      As to Count II for quiet title, Plaintiffs argue that the

22 loan should be rescinded because JPMorgan "has no interest in the

23 promissory note."  Plaintiffs refer to the allegations in the FAC

24 that JPMorgan failed to produce the original promissory note for

25 inspection upon Plaintiffs' request, thereby leading Plaintiffs

26 to assume that JPMorgan is not the owner of the actual note and

without any right over Plaintiffs' property.

In so far as nonjudicial foreclosure is concerned, Plaintiffs' position is meritless.  California law "does not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust." *Alicea v. GE Money Bank,* 2009 WL 2136969 at *2 (N.D.Cal., July 16, 2009); *see also Molina v. Washington Mutual Bank,* 2010 WL 431439 at *6 (S.D.Cal., Jan. 29, 2010); *Castenada v. Saxon Mortgage Servs., Inc.*, ___ F.Supp.2d ___, 2009 WL 4640673 at *7 (E.D.Cal.2009); *Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1053 (E.D.Cal.2009); *Chilton v. Federal Nat. Mortgage Ass'n*, 2009 WL 5197869 (E.D.Cal., Dec. 23, 2009).

As explained in *Gaitan v. Mortgage Electronic Registration System,* 2009 WL 3244729 at *12 (C.D.Cal.2009):

> A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, *i.e.,* that they have satisfied their obligations under the Deed of Trust.' *Kelley v. Mortgage Elec. Reg. Sys., Inc. ...,* 2009 WL 2475703 at *7 (N.D.Cal., Aug.12, 2009).  '[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured.' *Watson v. MTC Financial, Inc. ...,* 2009 WL 2151782 (E.D.Cal., Jul. 17, 2009), quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934).

Because Plaintiffs have not alleged, as required by the November 10 Memorandum Decision, facts from which it may be ascertained, that they have the present ability to tender the loan payments, Plaintiffs cannot proceed with Count II. Plaintiffs conceded at the hearing that they do not have the

present ability to tender the loan amounts.  Further prosecution
of the quiet title claim will be futile, because without the
present ability to tender, there is no basis to quiet title to
Plaintiffs.

Plaintiffs were given the opportunity to amend to allege
their present ability to tender the loan proceeds.  Because the
FAC does not so allege and Plaintiffs concede they cannot do so,
Counts I and II are DISMISSED WITH PREJUDICE.

IV.   <u>COUNT ONE</u>.

JPMorgan moves to dismiss Count I to the extent that
Plaintiffs' pray for damages in connection with their TILA claim.

The November 10 Memorandum Decision ruled:

> Chase Bank moves to dismiss these claims for
> relief as barred by the one-year statute of
> limitations set forth in 15 U.S.C. § 1640(e):
> "Any action under this section may be brought
> ... within one year from the date of the
> occurrence of the violation."   *See Meyer v.
> Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th
> Cir.2003):
>
> > There is some debate on whether the
> > period of limitations commences on
> > the date the credit contract is
> > executed, *see Wachtel v. West*, 476
> > F.2d 1062, 1065 (6th Cir.1973), or
> > at the time the plaintiff
> > discovered, or should have
> > discovered, the acts constituting
> > the violation, see *NLRB v. Don
> > Burgess Construction Corp.*, 596
> > F.2d 378, 382 (9th Cir.1979).  But
> > we need not decide this question
> > here, because even under the more
> > expansive *Don Burgess* rule, the
> > one-year period has run.   *See Katz
> > v. Bank of California*, 640 F.2d
> > 1024, 1025 (9th Cir.1981).

1
2
3
4
5
6
7
8

The failure to make the required
disclosures occurred, if at all, at
the time the loan documents were
signed.  The Meyers were in full
possession of all information
relevant to the discovery of a TILA
violation and a § 1640(a) damages
claim on the day the loan papers
were signed.  The Meyers have
produced no evidence of undisclosed
credit terms, or of fraudulent
concealment or other action on the
part of Ameriquest that prevented
the Meyers from discovering their
claim.

9
10
11

Here, the Note and Deed of Trust are dated
June 16, 2007.  Plaintiffs did not file this
action until July 24, 2009.  Therefore, Chase
Bank argues, Plaintiffs' claims for damages
for violation of TILA and Regulation Z are
time-barred.

12
13
14

At the hearing, Plaintiffs conceded that
these claims for *damages* relief under TILA
are time-barred by the one-year statute of
limitations and cannot be resurrected by the
doctrine of equitable tolling.

15
16
17

Defendant's motion to dismiss the First and
Second Claims for Relief for damages relief
under TILA is GRANTED WITH PREJUDICE.

18

To the extent the FAC prays for damages for violation of

19

TILA, Plaintiffs' claim is barred by the statute of limitations

20

and the November 10 Memorandum Decision.  Resurrection of the

21

claim is vexatious and unnecessarily multiplies the litigation.[1]

22

CONCLUSION

23

For the reasons stated:

24

25
26

[1]The dismissal of Counts I and II on the grounds stated above
makes unnecessary resolution of JPMorgan's alternative grounds for
dismissal of the FAC and the Court expresses no opinion with regard
to them.

28

1.  **Defendant JPMorgan's motion to dismiss the First Amended Complaint is GRANTED AND THE ACTION DISMISSED WITH PREJUDICE;**

2.  **Counsel for JPMorgan shall prepare and lodge a form of order and judgment within five (5) court days following service of this Memorandum Decision.**

IT IS SO ORDERED.

**Dated:    May 5, 2010                              /s/ Oliver W. Wanger**
                                                     UNITED STATES DISTRICT JUDGE