IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DEL VALLE, et al.,<br><br>           Plaintiffs,<br><br>      vs.<br><br>MORTGAGE BANK OF CALIFORNIA, et al.,<br><br>           Defendants. | No. CV-F-09-1316 OWW/DLB<br><br>ORDER DIRECTING PLAINTIFFS TO FILE STATUS REPORT WITHIN FIVE DAYS |

　　　On May 26, 2010, Defendant JPMorgan Chase Bank ("JPMorgan") filed an ex parte application to expunge the lis pendens recorded as to 11611 Peninsula Drive, Bakersfield, CA 93311, Assessor's Parcel Number 522-322-08-00-9.  Plaintiffs have filed no objection to this ex parte application.

　　　There is no question that this action has been dismissed against JPMorgan with prejudice.  No objection was made by Plaintiffs to the proposed Order filed on May 12, 2010.  The Order filed on May 14, 2010 states:

>      **IT IS HEREBY ORDERED that JPMORGAN'S Motion
>      to Dismiss PLAINTIFF'S First Amended
>      Complaint is GRANTED AND THAT THE ENTIRE
>      ACTION IS DISMISSED WITH PREJUDICE.**

**Judgment was entered on May 14, 2010.**

**However, there are two other defendants in this action, Mortgage Bank of California and Quality Loan Service Corporation. Both of these entities were separately served with summons. These defendants have not appeared and the action should not have been dismissed as to these defendants.**

**Mortgage Bank of California ("Mortgage Bank") was personally served on September 3, 2009 (Doc. 16). On September 25, 2009, Mortgage Bank filed an Answer to Plaintiffs' Complaint. (Doc. 18). However, Mortgage Bank's Answer is stamped:**

>      **NOTICE OF NONCOMPLIANCE**
>
>      **See L.R. 5-133(a) & (d)(3)**
>
>      **Filed in Paper on
>      September 25, 2009**

**This notation indicates that Mortgage Bank's Answer was filed in paper and then scanned pursuant to Rule 133, Local Rules of Practice [then Rule 5-133]:**

>      **The Court will not refuse to file a paper
>      document that is submitted for filing in a
>      pending action at the correct office. The
>      Clerk will scan it and, if improperly filed,
>      notify the Court that the document was filed
>      in an improper format. An order to show
>      cause (OSC) may be issued in appropriate
>      actions regarding an attorney's disregard for
>      the requirement to utilize electronic filing
>      or other violations of these electronic
>      filing procedures. See L.R. 110.**

**No appearance on behalf of Mortgage Bank is listed on the**

docket's caption page.  However, after service of the Complaint and resolution of JPMorgan's motion to dismiss the Complaint, Plaintiffs filed a First Amended Complaint.  (Doc. 25). According to the proof of service on the First Amended Complaint, Plaintiffs served only JPMorgan and Quality Loan Service; there is no mention of Mortgage Bank on this proof of service.

Quality Loan Service was personally served on September 1, 2009.  However, on August 3, 2009, Quality Loan Service filed a Declaration of Nonmonetary Status pursuant to California Civil Code § 2924*l* (Doc. 6).  Quality Loan Service's Declaration was filed by the same law firm that represents JPMorgan.  Plaintiffs filed no response to Quality Loan Service's Declaration.  Section 2924*l* provides:

> (a) In the event that a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any of the wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any time, the trustee may file a declaration of nonmonetary status. The declaration shall be served on the parties in the manner set forth in Chapter 5 (commencing with Section 1010) of Title 14 of the Code of Civil Procedure.
>
> ...
>
> (c) The parties who have appeared in the action or proceeding shall have 15 days from the service of the declaration by the trustee in which to object to the nonmonetary status of the trustee. Any objection shall set forth the factual basis on which the objection is based and shall be served on the

3

> trustee.
>
> (d) In the event that no objection is served within the 15-day objection period, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorney's fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding.

The Declaration of Nonmonetary Status was served on Plaintiffs' counsel by mail.  Service by mail on a party's attorney is permitted by California Code of Civil Procedure § 1012.

The confusion regarding the status of Mortgage Bank and Quality Loan Service precludes granting JPMorgan's ex parte application to expunge lis pendens.  Plaintiff's attorney is ordered to file a status report concerning the status of Mortgage Bank and Quality Loan Service in this action within five court days of the filing date of this Order.  Failure to timely comply will result in the dismissal of this action against Mortgage Bank and Quality Loan Service and the granting of JPMorgan's ex parte application to expunge lis pendens.

IT IS SO ORDERED.

Dated:   June 28, 2010                 /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE